**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**KENNIS D. JOHNSON,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　**Case No. 4:23cv189-MW-MAF**

**MARQUIS L. WILLIAMS,**

    **Defendant.**
**_____/**

## REPORT AND RECOMMENDATION

Plaintiff Kennis Johnson, proceeding pro se and with in forma pauperis status, has filed a second amended civil rights complaint. ECF No. 7. Plaintiff has dismissed his claim against the Department of Children and Families, *see* ECF No. 5, and now proceeds solely against Defendant Marquis L. Williams. ECF No. 7.

Plaintiff alleges that the Defendant "illegally stole [his] identity" to obtain "emergency relief funds and resources" provided to Americans during the Covid-19 Pandemic. ECF No. 7 at 4. Defendant Williams allegedly committed "multiple acts of fraud, forgery, violate[d] Anti-Trust laws, create[d] fraudulent payrolls for PPP loans, obtain[ed] real estate

Page 2 of 4

properties with illegal funds, create[d] illegal overseas accounts and more." *Id.* at 4-5.  Plaintiff contends that the Defendant committed acts of fraud over a four year period and, although not fully explained, Plaintiff contends the Defendant exploited his children's innocence and made a fraudulent report to DCF.[1]  *Id.* at 5.

Plaintiff has brought two claims against the Defendant: (1) a state law claim for defamation and (2) a criminal claim for identity theft.  *Id.* at 6.  As relief, Plaintiff seeks to have his name cleared, "retrieve" his children, "absolute separation and protection from the evils of" the Defendant, regain his identity with access to his personal and business affairs, and monetary compensation.  *Id.*

Plaintiff has not alleged a basis for federal jurisdiction such that this case can proceed.  A federal district court has "jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Plaintiff has not alleged the violation of his civil rights or a federal civil statute.

---

[1] His prior amended complaint alleged that in December 2022, Plaintiff's child was removed from his care.  ECF No. 5 at 4-5.

Case No. 4:23cv189-MW-MAF

Another basis for a federal district court's jurisdiction is for "all civil actions where the matter in controversy exceeds the sum or value of $75,000," and is between "citizens of different States." 28 U.S.C. § 1332(a)(1). However, Plaintiff and Defendants are both alleged to be citizens of the State of Florida. Jurisdiction does not exist for this Court to consider the merits of Plaintiff's claims and, therefore, this case must be dismissed.

Additionally, it appears that the underlying basis for this case is Plaintiff's contention that the Defendant has engaged in criminal conduct and caused him harm. Identity theft is a federal crime, *see* 18 U.S.C. § 1028, but the United States Attorney General is charged with prosecuting persons for criminal offenses. Plaintiff, as a private citizen, does not have "a judicially cognizable interest in the prosecution or nonprosecution of another." Diamond v. Charles, 476 U.S. 54, 64, 106 S. Ct. 1697, 1704, 90 L. Ed. 2d 48 (1986) (other citations omitted). Private citizens do not have "the right to compel a State to enforce its laws" or prosecute crimes. Diamond, 476 U.S. at 65, 106 S. Ct. at 1705; *see also* Otero v. U.S. Atty. Gen., 832 F.2d 141, 141 (11th Cir. 1987) (dismissing petition for writ of mandamus because private citizen cannot compel the investigation and

prosecution of another) (cited in <u>Riga v. Benezette</u>, No. 612cv414-ORL19DAB, 2012 WL 12910269, at *3 (M.D. Fla. July 12, 2012)). Accordingly, Plaintiff lacks standing to bring these claims.

### RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, ECF No. 7, be **DISMISSED** for lack of jurisdiction and standing.

**IN CHAMBERS** at Tallahassee, Florida, on October 3, 2023.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**